UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-99-2026-JLQ |
| Plaintiff, | CV-05-122-JLQ |
| vs. | ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND CLOSING THE FILE |
| LUIS ALBERTO LOPEZ-CERDA, | |
| Defendant. | |

Assistant United States Attorney **Jane Kirk** represented the Government in this matter during plea negotiations and at sentencing. **Luis Alberto Lopez-Cerda** has filed this 28 U.S.C. § 2255 motion *pro se*.

Defendant contends that sentencing enhancements were applied unconstitutionally in violation of *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738 (2005). Defendant was sentenced and Judgment was entered in this matter on August 16, 1999. Defendant waived his direct appeal as a part of the plea agreement. Defendant filed this § 2255 motion on April 26, 2005, over five years after his Judgment became final. Under 28 U.S.C. § 2255, a 1-year period of limitation applies to the filing of a motion to set aside, vacate, or correct sentence. Defendant's time for filing such motion has expired.

Defendant implicitly recognizes that his motion is untimely and invokes the following language from 28 U.S.C. § 2255 in an attempt to preserve his claim: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court **and**

ORDER

**made retroactively applicable** to cases on collateral review"(emphasis added).

The Supreme Court has not declared that *Booker* applies retroactively, and Defendant has not cited to, nor is the court aware of any federal court decision declaring that *Booker* applies retroactively to cases where the judgment of conviction was final prior to *Booker* and the time for filing a § 2255 has expired. The Supreme Court is unlikely to make such a ruling. See *Schiro v. Summerlin*, 124 S.Ct. 2519 (2004)(holding that *Ring v. Arizona*, 536 U.S. 584 (2002), a case which determined that a capital sentencing scheme wherein the judge could decide aggravating facts without a jury was unconstitutional, did not apply retroactively to cases on habeas review). Additionally, several federal Circuit courts have determined that *Booker* claims cannot be raised under § 2255 if the conviction was final prior to *Booker*. See *Guzman v. United States,* __F.3d__(2nd Cir. April 8, 2005); *Humphress v. United States*, __F.3d __ (6th Cir. February 25, 2005); *McReynolds v. United States*, 397 F.3d 479 (7th Cir. February 2, 2005); *Varela v. United States* __F.3d __ (11th Cir. February 17, 2005). Lastly, prior to *Booker*, the Ninth Circuit Court of Appeals noted that the Supreme Court had not made *Blakely* retroactive to cases on collateral review and refused to entertain § 2255 motions contending that it should be so applied. See *Cook v. United States,* 386 F.3d 949 (9th Cir. 2004).

If the Supreme Court should hold that *Booker* applies retroactively, Defendant may be allowed to file a § 2255 motion at a later date, pursuant to 28 U.S.C. § 2255(3), which states that the 1-year limitations period may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review". However, at this time, the motion and files and records of this case conclusively show that Defendant is entitled to no relief as the motion is time-barred.

Accordingly,

ORDER

Case 2:99-cr-02026-JLQ   Document 64   Filed 05/04/05

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Vacate, Set Aside, or Correct sentence is **DENIED**. (Ct. Rec. 63).

**IT IS SO ORDERED**. The Clerk of the Court shall file this Order, enter a Judgment Denying the Petition For Writ of Habeas corpus, forward copies to the Petitioner and counsel for the Government, and close the file.

DATED this 4th day of May, 2005.

s/ Justin L. Quackenbush

JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER