UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>LUIS ALBERTO LOPEZ-CERDA,<br><br>    Defendant. | No. CR-99-2026-JLQ<br>     CV-05-3107-JLQ<br><br>ORDER DENYING DEFENDANT'S **SECOND** MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND CLOSING THE FILE |

    On August 10, 1999, the court sentenced the Defendant to a term of imprisonment of 121 months following his plea of guilty to a charge of conspiracy to distribute a controlled substance. Assistant United States Attorney **Jane Kirk** represented the Government in this matter. The Judgment was signed on August 16, 1999. No appeal was taken in this matter. The Judgment therefore became final in 1999.

    Thereafter, on April 26, 2005, the Defendant filed a Motion To Vacate, Set Aside, Or Correct Sentence relying on *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005) (CV-05-122-JLQ). On May 4, 2005, the court denied that Motion because more than one year had expired from the time his sentence became final (C.R. 64). The Defendant has now filed a second and successive Motion without certification from the United States Court of Appeals for the Ninth Circuit as required by 28 U.S.C. § 2255. **Luis Alberto Lopez-Cerda** has filed this 28 U.S.C. § 2255 motion *pro se*.

    This motion appears to be identical to the first Motion in CV-05-122-JLQ with the exception of a note stating that it was being resubmitted in light of "*U.S. v. Dodd*." In Defendant's first Motion, Defendant contended that sentencing enhancements were

ORDER

applied unconstitutionally in violation of *United States v. Booker*, 543 U.S. \_\_, 125 S.Ct. 738 (2005). In an attempt to preserve his § 2255 motion as timely, the Defendant invokes the language of 28 U.S.C. § 2255 (3) which states that the 1-year limitations period may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court **and made retroactively applicable** to cases on collateral review"(emphasis added). In this court's Order Denying Defendant's Motion to Vacate, Set Aside, or Correct Sentence and Closing File (Ct. Rec. 64), the court instructed the Defendant that "the Supreme Court has not declared that *Booker* applies retroactively... nor is the court aware of any federal court decision declaring that *Booker* applies retroactively to cases where the judgment of conviction was final prior to *Booker* and the time for filing a § 2255 has expired."

The court assumes that the Defendant's cite in this second motion refers to *Dodd v. United States*, 125 S.Ct. 2478 (2005), decided on June 20, 2005. In *Dodd v. United States*, the Supreme Court decided that the date from which the limitation period begins to run under 28 U.S.C. § 2255(3) is the date on which the Supreme Court initially recognizes the right asserted in the §2255 motion, not the date on which the right is held retroactively applicable to cases on collateral review. Based on the plain language of the statute, the court held that the 1-year limitation period is measured from the date on which the right asserted was initially recognized by the Supreme Court. In fact, while determining the meaning of § 2255(3), the court stated that "¶ 6(3)'s date--'the date on which the right asserted was initially recognized by the Supreme Court'--does not apply at all if the conditions in the second clause--the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review'--have not been satisfied." *Id.* at 2482. The Supreme Court has not made *Booker* retroactively applicable to cases on collateral review and the Ninth Circuit has recently held that *Booker* does not apply retroactively to cases on collateral review where the conviction became final prior to its publication. *United States v. Cruz*, 423 F.3d 1119, 1120-21 (9th Cir. 2005); *see also*, *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir.2005) (holding in a

ORDER

28 U.S.C. § 2254 habeas action that *Blakely* does not apply retroactively to cases on collateral review). Defendant's Motion remains time-barred.

In addition, this Motion is barred as a second and successive Motion without the certification from the Ninth Circuit Court of Appeals as required by § 2255.

Accordingly,

**IT IS HEREBY ORDERED:**

1. Defendant's Second Motion to Vacate, Set Aside, or Correct Sentence (C.R. 66) is **DENIED**.

**IT IS SO ORDERED**. The Clerk of the Court shall file this Order, enter a Judgment Denying the Petition For Writ of Habeas Corpus, forward copies to the Petitioner and counsel for the Government, and close files CR-99-2026-JLQ and CV-05-3107-JLQ.

DATED this 28th day of November, 2005.

<u>s/ Justin L. Quackenbush</u>
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE